# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| GSM INC. GLOBAL SALES MARKETING, an Indiana corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:15-cv-00119-JVB-SLC |
| HIGH TECH PET PRODUCTS, INC., a California corporation, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties, seeking the approval and entry of the proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 30). Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Because the proposed order is inadequate in several ways, the Court will not enter the proposed order.

Paragraph C.4. of the proposed order provides the procedure to be followed in a situation where one party desires to disclose Confidential Information to persons deposed in the lawsuit who are not included in the approved categories for disclosure. In such a situation, the paragraph states that the witness "must read a copy of this Agreement and Order and agree in writing to

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). *See also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Here, the proposed order does not authorize the filing of any documents under seal, and as such, it enjoys a lesser level of scrutiny.

abide by the same by signing a document in the form of Exhibit A . . . ." In turn, Exhibit A provides that any violation of the protective order may subject such person to "penalties for contempt." (DE 30 at 9). The Court is not inclined to order individuals outside of this lawsuit to sign an endorsement of the protective order if the individuals refuse to sign, much less subject them to penalties for contempt. Perhaps the parties' intent was for the Court to rule that disclosure of Confidential Information to the witness was permissible, so long as the witness signs the endorsement of the protective order. If that is the case, the parties should clarify their intent in this paragraph in any revised proposed protective order.

Additionally, paragraph F.1. states that "the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder." (DE 30 at 6). The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order, however, does not contain this language.

For these reasons, the Court will not enter the parties' proposed stipulated protective order (DE 30). The parties may submit a revised proposed protective order consistent with the

requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 8th day of March 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge